BASILE S DASKALAKIS

P.O. BOX, 317

WILSON WY, 83014

Plaintiff,

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUL 0 6 2010

Stephan Harris, Clerk
Casper

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

BASILE S DASKALAKIS

Plaintiff,

Vs.

| | |
|---|---|
| WILLIAM B RESOR, JOHN RESOR, BARBARA | ) |
| HAUGE, LANCE JOHNSEN, ROBERT WRIGHTMAN, | ) |
| JARON LEIGHTON, SNAKE RIVER RANCH LLC, | ) |
| SNAKE RIVER ASSOCIATES LP, CRYSTAL SPRINGS | ) |
| RANCH INC, LOWER VALLEY ENERGY, TETON | ) |
| COUNTY SHERIFF'S DEPT, BOB ZIMMER, | ) |
| BOB MORLEY, DUSTIN REAGAN, J DAHL, KEVIN | ) |
| JONES, ALEX J AYLING, JACKSON POLICE DEPT, | ) |
| FBI, FBI Agent JUDE, RADIO SHACK/VERIZON | ) |
| WIRELESS, WELLS FARGO BANK NA, TRACI ANDERS, | ) |
| JENNIFER ASKAY, MICHAEL MORRISSEY, PRIME | ) |
| PROPERTIES OF JACKSON HOLE LLC, JACK VOSIKA/ | ) |
| TETON RENTALS, FLAT CREEK CAPITAL CORP, WY | ) |
| HWY PATROL, PAT HESS #46, DOUG'S TOWING, | ) |
| SOLOMON LY/CHJNA RESTAURANT, CAROL MANN | ) |
| BERG-MYER, ARIEL MANN BERG-MYER, MARGIE | ) |
| E. ROWELL, CORPAT INC, MARK BARRON, MARK | ) |
| OBRINGER, NANCY GUTRIE, LANCE OVIATT. | ) |
| _____Defendants_____/ | |

**10 CV   133** ⅅ

Case No. _____

**VERIFIED CIVIL RIGHTS**

**COMPLAINT**

**JURY TRIAL DEMANDED**

## A.  PARTIES

1.  BASILE S DASKALAKIS, Plaintiff, is a citizen of the Hellenic republic of Greece. He is a permanent resident of the United States (A21084263), State of Wyoming, presently residing at 325 N Cache Dr, Jackson WY. His mailing address is P.O. Box, 317 Wilson WY 83014.

2.  Defendant, WILLIAM B RESOR, is a resident of Wilson WY. His mailing address is: 5700 Snake River Ranch Rd, Wilson WY 83014.

    a.  William B Resor is the agent, partner, and owner, and manager, officer, of Snake River Ranch LLC, Snake River Associates LP, and Crystal Springs Ranch Inc.

    b.  William B Resor is living at 4455 N Moose, Wilson Rd, Wilson WY 83014.

    c.  William B Resor was living in a very close proximity to Basile Daskalakis, who occupied the red bunkhouse at the employees housing at 4455 N Moose N Wilson Rd, when all allegations arose.

3.  Defendant, JOHN RESOR, is a resident of Wilson WY. His Mailing Address is: 185 West Broadway, P.O. Box, 3281 Jackson WY 83001.

    a.  John Resor is a partner, officer, owner, of Snake River Ranch LLC, Snake River Associates LP,

    b.  John Resor is the managing partner of Crystal Springs Ranch Inc, and the new "shooting star" golf course.

    c.  John Resor is a Real Estate agent for Sotheby's International Realty.

    d.  John Resor is living at the ranch, where his daily commute at high speeds, twice almost struck, plaintiff Basile Daskalakis, riding his four-wheeler.

4.  Defendant BARBARA HAUGE, is a resident of Wilson WY. Her mailing address is: 5700 Snake River Ranch Rd, Wilson WY, 83014.

1. Barbara Hauge was the active president of Snake River Ranch LLC (Employer), when all allegations arose. She is a partner of Snake River associates LP.

2. Plaintiff many times complaint to her about propane overcharges.

3. Plaintiff many times complaint to her about excessive drinking among ranch employees that made working conditions dangerous.

4. Barbara Hauge is a part time, mediator attorney with the 9th Judicial District Court, in Teton WY.

5. Barbara Hauge met plaintiff outside the entrance of the Circuit Court the spring of 2009 and she inquired about Basile Daskalakis. When Basile Daskalakis told her he is out of work and homeless she replied: "This will prove how strong you are".

6. Barbara Hauge met Basile Daskalakis at the whole grosser supermarket, dairy section, sometime the summer of 2009 and from behind she whispers to him. "So you found a job". Letting plaintiff understand that they had cover all corners so not to find a job in the area.

5. Defendant, LANCE JOHNSEN, is a resident of Wilson WY. His mailing address is: 5700 Snake River Ranch Rd, Wilson WY 83014.

1. Lance Johnsen is (was) the manager of Snake River Ranch LLC (Employer) when all allegations arose.

2. Lance Johnsen was a rude and unconsidered manager, a chronic pain sufferer, and with a hot temper that made often confrontations with various employees.

3. All allegations from paragraph 8 are incorporated herein.

6. Defendant, ROBERT WRIGHTMAN, is a resident of Wilson WY. His mailing address is:

   5700 Snake River Ranch Rd, Wilson WY 83014.

   1. Robert Wright man lived at the housing at 4455 N Moose Wilson Rd, next

      to Basile Daskalakis all three seasons.

   2. Robert Wright man was working as an irrigator and cowboy while Basile

      Daskalakis work at the ranch.

   3. All allegations from paragraph 8 in reference to Robert Wright man are

      incorporated herein.

7. Defendant, JARROD LEIGHTON, is a part time resident of Wilson WY, and presently

   lives in CA. His mailing address was: 5700 Snake River Ranch Rd, Wilson WY 83014.

   1. Jarrod Leighton was living at the housing section, at 4455 N Moose Wilson

      Rd, when all allegations arose.

   2. Jarrod Leighton was working as a cowboy and wrangler when all

      allegations arose.

   3. Jarrod Leighton was getting drunk or under the influence almost every

      other day.

   4. All allegations from paragraph 8 in reference to Jarrod Leighton are

      incorporated herein.

8. Defendant, SNAKE RIVER RANCH LLC, (EMPLOYER), is a Wyoming Limited Corp. Its

   mailing address is 5700 Snake River Ranch Rd, Wilson WY, 83014.

   1. Snake River Ranch LLC, was plaintiff's employer for **three fix duration seasons**

      from 2006-2008. (April-October) .

   2. Snake River Ranch LLC operates farming and ranching operations in Wilson

      WY, and in CA.

   3. Defendant, Snake River Ranch LLC, direct or indirect through its employees,

      agent and or officers or partners, in a join action, via mutual agency, joint

venture, conspiracy, aiding and abetting, assisting or collaborating, in association with other defendants, formed a joined criminal enterprise, in a pattern to violate plaintiff's civil and other Federal protected rights of his property and liberty interests, access to courts, access to proper witnesses, business mail interference and destruction, illegal wiretaps and monitoring, wrongful constructive discharge from employment, intentional infliction of emotional distress, defamation of his personal and business reputation.

See: Mc Adoo V. Lane (1983, ND Ill) 564 F Supp 1255, affd without op (1985, CA 7 Ill ) 774 F 2d 1168 (42 USCS § 1983)

Bailey V. Kirk (1985, CA 10 Okla. ) 777 F 2d 567 (42 USCS § 1983)

Satter-White V. Smith (1984, CA 9 Wash) 744 F 2d 1380, 36 BNA FEP Cas 148, 36 CCH EPD 35189, (42 USCS § 1983).

Lameano-Agosto V. Garcia-Caraballo (1984, CA 1, Puerto Rico) 731 F 2d 101 (42 USCS § 1983)

An-Ti-Chai  V.  Michigan State University (1980, WD Mjch) 493 F Supp, 1137, 23 BNA FEP Cas 383. (42 USCS § 1983)

Trabing V. Kinkos Inc,  2002 WY 171, 57 P 3d 1248 (Wyo. 2002)-3, 5.

Gustafson V. Bridger Coal Co, 834 F Supp. 352 ( D. Wyo. 1993)(Applying Wyo. LAW)-10.

Terry V. Pioneer Press Inc., 947 P 2d 273 (Wyo. 1997)-5.

Worley V. Wyoming Bottling Co Inc. 1 P 3d 615 (Wyo. 2004)-4

**Statement of facts:**

1. Plaintiff Basile Daskalakis was employed by **Snake River Ranch LLC, on May 2006 as a ranch hand and irrigator, in a fix duration employment, through October 2006.**

2. During employment was agreed that employer will provide safe and suitable housing including utilities.

3. The first summer housing was done in a portable trailer, located at 4455 N Moose, Wilson Rd, Wilson WY.

4. The first winter of 2006 was done in a housing unit known as a red bunk house. It was a one bedroom two story house, at 4455 N Moose Wilson Rd, Wilson WY.

5. Plaintiff agrees to pay a $350.00 rent/month.

6. Plaintiff agrees to pay $400-600 propane for the winter, and $126.00 for electricity.

7. The secretary, on manager's request, gave plaintiff a hand written estimate for propane based on the past 2-3 years consumption.

8. After the second's month rent payment, plaintiff asks for a receipt from the manager and he stated: All money paid for rent it will be a good faith deposit that you will work for us next season and you will get your money back, when you start. (April-May) of 2007.

9. Plaintiff kept his end of the agreement and return to work at the end of April 2007, **for another fix duration employment agreement, through Oct, 2007.** Sacrificing a $15.00/H job and a promised of room, at the motel 6 in Jackson.

10. Upon arrival of the final propane bill, for the winter 2006, sometime in January 2007, the manager demanded from plaintiff to pay about $200.00 extra for the propane, from the agreed estimated amount of $400-600.

11. After many arguments with the manager he relents and accepts mutually $40-60.

12. Rumors spread and suggestions by other employees, including the former resident of the bunkhouse Robert Wright man to be weary of the manager, because he doesn't keep his words or promises ant to request any future agreement in writing.

13. At the end of September 2007, plaintiff was released from his fix duration employment and got a job with API Fencing that maintained a yard at the ranch grounds near the ranch's headquarters.

14. With a promised to work for the next season, in another fix duration employment, plaintiff was afforded a free rent stay at the bunkhouse with similar arrangements for the utilities.

15. The winter of 2007 was not as cold as 2006 but a lot more snowfall. The first two propane bills were within last year's amounts. The third one came at the end of February 2008 and it was overinflated, and triple of the agreed estimated $400.00-600-00) , over $1200.00.

16. **The third fix duration employment season, started about May 20th 2008. Plaintiff kept his commitment to work at the ranch and the manager continuous to drag his feet to settled the propane bill.**

17. At the end of May, early June 2008, while plaintiff was repairing fences at the south ranch, with Cru-Santo, with tears he shares his over inflated propane bill of over $2300.00 for his little house. He stated that two months during the winter he doesn't live in the house but in Mexico and that the manager was demanded immediate payment or else.

18. Plaintiff suggested to Cru-Santo, who doesn't speak very good English, to complain to the active president of the ranch, Barbara Hauge, when he mows her yard. Plaintiff gave him a hand written note explaining the situation.

19. After many arguments and a special meeting in front of co-worker and son in law Vicente, the disputed amount was settled upon belief and information to a little over $1200.00.

20. Upon information and belief Cru-Santo was paying for years the large warehouse's propane bill. His bill was intentional altered, with malice to defraud him, by changing intentional the ID numbers of the propane tanks in his bills.

21.  Early on June 2008, a harassment pattern started against the plaintiff by the two cowboys, Jarrod Leighton and Robert Right man.

22. Sometimes early on June 2008, while repairing fences on the East side of the big "Giltner field", Robert Wright man jumps a fence and in a threatening way demanded, very close to plaintiff's face, why he drove the loaded P-UP through a particular path

23. Robert Wright man could not keep his balance and he was smelling alcohol.

24. Plaintiff calls the manager on his cell phone, who was absent at the time, and related to him what happen with Robert Wright man. He said, he will take care of it when he comes back.

25. Jarrod Leighton was under the influence, because his actions to bring old posts from the side of the road, through wet fields, did not make any sense. His face was red and his eyes almost fixed and pointing to one direction.

26. Same day, late at night, plaintiff  on his way back from Idaho Falls, receives a call from both cowboys, who were at the nearby bar in Wilson, that they will need a ride to the receiving yard to receive cattle at 2 AM.

27. Both cowboys were in no, position to count or sign the paper work.

28. Both cowboys still under the influence next morning.

29. Robert Wright man was stunned because the female co-worker and horse wrangler at the time had out drinking him the night before.

30. Jarrod Leighton attacked the plaintiff in front of other employees, because his comments about his red face and his very loud voice talking nonsense.

31. Later that day, plaintiff meets William B Resor at the driveway, near the employee housing at 4455 N Moose Wilson Rd, Wilson WY.

32. Plaintiff complains to him that working conditions are getting very dangerous because of excess drinking, and he promised to talk to the manager.

33. He stated: "this got to stop".

34. Things got worse for plaintiff, after the manager's return.

35. The manager doubles plaintiff's duties from the past two seasons, demanded to irrigate all the fields west of Hwy 390.

36. Two different co-workers Vicente and Cru-Santo were needed to cover those fields the past two seasons.

37. By now it was clear to the plaintiff, that the harassment pattern was indented to force him out.

38. The second week of July 2008, while Sally Wright man (wife of Robert Wright man), was vacationing in Florida, Robert Wright man and the female co-worker wrangler got so drunk and entering plaintiff's residence without invitation, in a constant run of profanities against the Hispanics co-workers and "the Greek terrorist who works and lives here".

39. Plaintiff calls the absent manager who tells him: "Basile by now you know, when Robert gets drunk he is out of control", but when I will be back will be the end of it.

40. Three days later, upon plaintiff's arrival, from Idaho Falls, late at night, Robert Wright man approaches plaintiff from behind in a stealthy way and

warns him: "I hope do not say anything to my wife, when she comes back or else".

41. The manager came back without taking any correction action to improve working conditions. Sally Wright man came back too.

42. She asks plaintiff about Robert, while she was gone, because she said to him he is getting drunk and abusive every night since she came back.

43. Plaintiff for the first time tells her how Robert was violent and drunk while she was gone.

44. **On July 22nd, about 1PM, Robert Wright man, while he was arguing with his wife, near the cattle gate at the exit of the housing area at 4455 N Moose Wilson Rd, blocked plaintiff's exit to go back to work,**

45. **Robert Wright man accused plaintiff of telling his wife of an affair with the female wrangler co-worker.**

46. Plaintiff denies his allegations and demanded to be let through or he will call the Sheriff.

47. Robert replies: **"I know the Sheriff and he will not do anything to me".** Plaintiff calls 911 or the dispatch and reports the threats and the blocking.

48. After a while Deputy Bob Morley called plaintiff and wanted to know the name of the co-worker, who was making the threats.

49. When plaintiff gave him his name, Robert Wright man he stated: **"I know the manager and I will talk to him".**

50. The next two days the Deputy called plaintiff many times because he was unable to talk to Robert, who just had change his cell phone.

51. Plaintiff found the new cell phone number and calls the Deputy to give it to him.

52. Next day Deputy Bob Morley call back plaintiff and stated: "**I spoke with Robert and the manager and things got cleared-up and they assure me it will not happen again.**

53. The last week of July 2008, plaintiff notices another$400.00 unauthorized deduction garnishment from his pay-check, for propane, **that forced him to quit as he had warned the manager, when the manager asked permission.**

54. Over the lunch break, plaintiff told Robert Wright man to notify the manager and the reasons that forced him to quit. A."The unauthorized payroll deductions B. The dirty water coming from the water well inside the bunkhouse and C. The growth of a very painful spot in his back.

55. Plaintiff had complained many times to the manager that the broken lateral lines from the septic tank was the reason and that he was suspected leaks of **Radon Gas from the casing of the water well.**

56. Robert wanted to see the painful spot and after plaintiff let him examined it he said: It's a red area with a dark spot like a mold".

57. On August 1st, 2008, plaintiff filed a small claims affidavit, Sc-2008-65 with the Teton County Circuit Court.

58. The purpose of the small claims court filing was to recover unauthorized pay-roll deductions for the propane of $800.00 and other surcharges of the Internet service etc, including medical expenses to remove the painful growth that turn-out to be cancerous.

59. On August 6th 2008, the manager shows at plaintiff's residence at 4455N Moose Wilson Rd and wants to know what he was doing there.

60. **Without an invitation, he enters the first floor, demanded from plaintiff to leave the house within 10 minutes or he will call the Sheriff.**

61. After many arguments, he listens to plaintiff's complaints and states: I don't give a fuck if you stay in your P-UP or become homeless, I want you out of here now.

62. Plaintiff asks the manager to leave the house or he will be forced-out.

63. The manager steps outside and **gives plaintiff two options.**

64. **Go back to work right away and I will talk to Bill Resor to connect the new water well if practical or the Sheriff will evict you.**

65. The manager pretending a call to Bill Resor, calls the Sheriff, requesting an eviction without a due process. (Event record # 0808-0746) Plaintiff reminds him the contract (lease agreement) of the fix duration employment agreement that stated 10-30 days stay or pay rent in case of separation.

66. Plaintiff under Duress, agreed to go back to work. He gets his tools and the four wheeler and proceeded to irrigate and spray herbicide.

67. Rumors started that plaintiff will be fired.

68. Other employees, Bill Hutchins, and the south's ranch irrigator started to substitute plaintiff, while he was having dental appointments.

69. Eight-nine days later after plaintiff helped the two cowboys to bring the steers inside the electric fence at the big Giltner field, Robert Wright man told plaintiff, in front of Jarrod Leighton and two female relatives of Barbara Hauge family, "the manager just called me to tell you to park the four wheeler and that you have a job no more.

70. Plaintiff calls Bill Resor to verify the firing, but he never responds to his messages to his voice mail box.

71. About 11:30 PM the night of August 23rd, plaintiff arrived from grocery shopping in Idaho Falls. He notices that they are not any lights at the employee housing, no cars or trucks parked as usual in front of the houses. The security light outside the nearby barn was out too.

72. Plaintiff unloads his groceries and proceeds to take a shower.

73. **Within minutes the lights started flickering and went –out.**

74. **Gun fire broke-out, outside the west side of the house.**

75. A man's voice outside the closed (cover) window, next to the shower called the dog by his name "George" and kicked him. The dog started to howl. The man who upon information and belief was Robert Wright man then

said: "Fucken Greek if you don't stop looking for witnesses to subpoena,

you'll never come out alive.

76. Metal objects started hiding the house on both sides.

77. The water went out too. Plaintiff attempts to grab a piece of two by four

laying at the housing of the water well and falls down hits the well and

breaks another front tooth.

78. **Plaintiff thinks his life will end soon and in extreme emotional distress,**

**stays in the shower for another 30-40 minutes that seemed years.**

79. Plaintiff opens the back door next to the shower and let's the dog inside.

80. **When the dog went around the house and found no one, plaintiff went**

**through the dark room and calls 911. The dispatch suggested to wait until**

**the next morning for the Deputies to arrive , since there not any lights.**

81. Plaintiff agrees and after barricading both doors, goes upstairs with the

dog.

82. The lights went back-on about 3: 30-4:00 AM.

83. About 7:30 AM the dispatch calls plaintiff to be on the look-out for two

Sheriff's patrol cars.

84. **Within thirty minutes, plaintiff receives three calls with caller ID showing,**

**Jennifer Askay from Prime Properties of Jackson  Hole, plaintiff answers**

**the third one and Jennifer Askay said: "I am very sorry for what happen**

**to you last night, we never meant to hurt you".**

85. About 8:00 AM two Deputies from Teton County WY, arrived. Deputy

Dusty Reagan and Deputy J Dahl. Plaintiff started recount the events from

the night before but both Deputies were not interested to hear the details

and attempted to serve eviction papers. Plaintiff refuses to sign a waiver

for the expired eviction order and then **Deputy Dusty Reagan stated: "In**

**Wyoming anyone can fire a firearm any time any place".**

86. Plaintiff points to them the damage on his garden around the house that looked that someone had sprayed herbicide and both replied: No that looks like frost damage.

87. Plaintiff informed Deputies that a law suit was pending at the Circuit Court and that he looks to move out as soon as possible. Both got by surprise when they heart of the law suit.

88. After Deputies left, plaintiff calls Jennifer Askay back who offers him a "safe house" to stay for free until they find him a rental to move to. They make an appointment for the next day at 12:30 PM.

89. Plaintiff had called Jennifer Askay to ask her assistance to find a rental a few days earlier but never met her before, and notified the manager of his efforts to find a place to relocate.

90. Plaintiff had met Michael Morrissey a few days earlier too, at the storage facility in Wilson belonging to Flat Creek Capital Corp, who assured plaintiff that they work with Jennifer as a team and they have many rentals in a development in Driggs ID.

91. On August 26th at 8:30 AM, plaintiff had the first hearing on his small claims and asks  for continuance to find another attorney since attorney Jerry Bosh  called him to tell him he representing Michael Morrissey and he can't represent him.

92. The Judge grants plaintiff's request and sets a trial day for October 8th. The defendants Lance Johnsen and Snake River Ranch LLC were represented by attorney Hess of Hess Garland and D'Amours law firm.

93. Attorney Damours is the register agent and controlling partner of the storage facility belonging to Flat Creek Capital Corp, where plaintiff met for the first time Michael Morrissey.

94. Plaintiff met Dr Michael Morrissey and Jennifer Askay at 12:30 PM as agreed at Prime Properties of Jackson Hole office in Wilson WY.

95. Both they took him at 6875 W Hwy 22 in Wilson. The house was beautiful with pictures of former president Bush and former vice president Dick Chaney, included a lot of pictures of high ranking Republican Party officials.

96. Michael Morrissey stated: "this place is so secure no one can find you". This place official doesn't exist. Later in the afternoon plaintiff moves in the "safe house".

97. Two days later, Jennifer arrives at the safe house, after plaintiff call her to let her know he run out of food and money. She exposed her breasts to seduce plaintiff stating: "Don't get any ideas about my breasts, they are not real".

98. Before she left, she suggested to go and opened an account at "Hungry Jack convenient store in Wilson, and stated; we all have accounts there and we pay once a month. Plaintiff went there but was turn down. **While at the store plaintiff notices Robert Di-Capra getting out of a room with one way mirror and running out side.**

99. Plaintiff met Robert Di-Capra for the first time in a Florida airport terminal and after he gave him his business card he invited plaintiff to Jackson. They met in his house at Lipper Lane , in Wilson many times too. **Upon information and belief Robert Di-Capra is an informant for the Teton County Sheriff's Dept, FBI and DEA.**

100. The fourth night stay at the safe house, plaintiff was awaken past 11:30PM by Jennifer Askay who stated : FBI and the Sheriff is on the way to arrest you, because you gave us a bad check. Plaintiff panicked and calls 911 to report the harassment and find out the truth. Plaintiff asks dispatch for the number of the local resident FBI agent and she gave him the number.

101. In the morning, plaintiff calls the FBI agent and sets an appointment for 11:00 AM the next day.

102. About 10:00AM Michael Morrissey, shows at the safe house, and asks plaintiff to leave as soon as possible, because you've got me in trouble by calling the owner of the house.

103. Next day in front of Mori Berg-Myer, plaintiff witnesses Michael Morrissey going through his belongings. Plaintiff loads his P-UP and before he left Michael Morrissey repeats to the plaintiff that he cannot stay in the house anymore but he can park his P-Up outside if he was in any danger.

104. Upon information and belief Jennifer Askay, Michael Morrissey, the former employer, Snake River Ranch LLC, FBI and other Federal Agencies using unlawful wiretaps and dissemination of the information, including GPs tracking information, formed a criminal enterprise, in a pattern to frame plaintiff to break the law and conspired to frame, defraud, assault with firearms, depriving plaintiff of his protective Federal Rights of his property and liberty interest, accessing the courts, accessing proper witnesses, unlawful search and seizures and due process.

9. Defendant SNAKE RIVER ASSOCIATES LP is a Wyoming Limited Partnership. It is based and operates in Wilson WY.

**Statement of facts**

1. The agent of the partnership and manager is William B Resor.

2. The mailing address is 5700 Snake River Ranch Rd, Wilson WY 83014.

3. The partnership shares, partners , officers, employees, with Snake River Ranch LLC, and Crystal Springs Ranch Inc.

4. The employee housing for Snake River Ranch LLC at 4455 N Moose Wilson RD, is located in a real estate deed to the partnership.

5. **It is the location where, on August 23rd late at night, employees of the ranch, owners and partners, conspired, with the assistance ,coordination**

management, aiding and abating, of local and Federal law enforcement,
employees or officers or agents of Lower Valley Energy, to cut-off the
electricity for the purpose to assault, intimidate, plaintiff and cause him
Intentional Emotional Distress.

10. Defendant, CRYSTAL SPRINGS RANCH INC, is a Wyoming corporation that is located
and operates real estate and resort operations, in Teton Village, Wilson Wyoming.
Mailing address is 3490 Clubhouse Dr, Wilson WY 83014-9140.

## Statement of facts

1. The corporation shares officers, partners, employees, and has overlapping real
   estate holdings with Snake River Ranch LLC and Snake River Associates LP.
2. The corporation formed and joined a criminal enterprise and conspired with
   employees, partners, agents , associates, and under false pretenses send an
   undercover employee with Rocky Mountain Bank Emmy Does, of Jackson Hole,
   in Victor ID, to locate, track, frame and deprive plaintiff of his property and
   liberty interest.
3. Emmy Does, organized, supervised the grant opening of the new golf course
   "shooting star", and the flower arrangements at Crystal Springs Ranch Inc.
4. Under full participation, control, of the managing partner and co-defendant
   John Resor, Emmy Does, **impersonating** the name and employment of an
   employee at a flower shop at Smith's plaza, in Jackson meets Plaintiff in a
   campground in Victor ID.
5. She introduced herself as a Greek family descendant, and a girlfriend of a
   Greek-American banker at Rocky Mountain Bank and offer her assistance to
   establish good banking relations there.

6. Emmy's Does, two dogs' names or colors were not the same as the person who she was impersonating, when she met plaintiff at the campground in Victor ID.

11. Defendant LOWER VALLEY ENERGY INC is the provider of electricity for Snake River Ranch LLC, Snake River Associates LP, employee housing at the ranch, the "safe house", and the rest of defendants. Mailing address is: P.O. Box 572, 4000 Hwy 89, Jackson WY 83001, c/o James R Web 236 N Washington, Afton WY 83110.

### Statements of facts

1. Lower Valley Energy Inc conspired with former employees of the ranch, agents, associates, officers, William B Resor, Jennifer Askay, local and Federal law enforcement to cause intentional and negligent black-out, at 4455 N Moose Wilson Rd the night of August 23rd 2008.

2. The purpose of the black-out was to assist conspirators to assault plaintiff with firearms, to intimidate plaintiff to stop seeking witnesses to subpoena, and to cause upon plaintiff Intentional Infliction of Emotional Distress, in violation of his civil protective rights.

3. The corporation's unlawful and gross negligent actions, caused plaintiff physical and mental pain and suffering and extreme emotional Distress.

4. The corporation intentionally disregarded a lawful issue subpoena for discovery in a related litigation and by doing so conspired with other co-defendants to cover-up the intentional and preventable black-out.

12. Defendant, TETON COUNTY SHERIFF'S DEPT. Mailing address is: P.O. Box 1885 Jackson WY, 83001.

**Statement of facts**

1. Teton County Sheriff's Dept, is a county law enforcement agency.

2. The Sheriff's Department acting under color of State laws violated Plaintiff civil liberties, by receiving and disseminating unlawful wiretap information, with other co-defendants under Sheriff's Bob Zimmer (Zimmerman).

3. The information was used to frame, track, assault, and deny medical care for plaintiff while incarcerated, cruel punishment, false arrests, and pursuit of intentional malicious prosecution.

4. The Sheriff's Dept used an undercover informant, Robert Di-Capra to track and frame, plaintiff in violation of his civil liberties.

5. The Sheriff's Department failed with Negligence to respond properly on Plaintiff's 911 calls on July 22nd and August 23rd from the housing at 4455 N Moose, Wilson Rd, and as a direct result plaintiff suffered physical and mental pain and suffering.

6. The Sheriff's Department showed gross negligence in ignoring plaintiff's allegations the morning of August 24th and try to serve plaintiff an expired eviction Order.

7. The Sheriff's Department shows, bias and discrimination against plaintiff when he makes stalking complaints from Jennifer Askay and instead issues a criminal no trespass ticket.

8. The Department carry policies under the color of state law to let a female Deputy to vandalize plaintiff's property, (cutting his bike tire outside the public library) and intimidate him.

9. The Sheriff's Department carries through a female Deputy the destruction of plaintiff's property (cutting bike's tire) for the purpose to intimidate, and inflict emotional Distress.

10. The Sheriff's Dept, under Sheriff Bob Zimmer, formed a criminal enterprise, in a racketeering pattern to conspire with other co-defendants to track,

frame, and violate plaintiff's civil rights and transmit a blank warrant to WY

Hwy Patrol that led to a false arrest and malicious prosecution.

11. The sheriff's Department tortuously interfered with plaintiff's contract

with Solomon Ly/China town restaurant, and as a direct result, plaintiff

suffers money damages, lost of business income and opportunities,

defamation of person and business reputation.

12. The Sheriff's Department influences Solomon Ly and Jack Vosika to make

unnecessary calls to plaintiff's cell phone for the purpose to track and

locate plaintiff through his GPS.

13. Defendant, BOB ZIMMER (ZIMMERMAN), was the former Sheriff of Teton

County WY, when all allegations arose. His present address is unknown.

The former address was P.O. Box, 1885 Jackson WY 83001.

**Statement of facts**

1. All references from paragraph 12 (1-12) about, Teton County Sheriff's

Dept, are incorporated herein.

2. Bob Zimmer had a name, for having personal relations with dubious

persons and characters.

3. Bob Zimmer allowed being photograph, in an orgy like setting and

displaying of his photograph.

4. When two federal agents and co-defendant Jennifer Askay, who upon

belief and information is a Federal undercover agent or informant, acting

under color of Federal and State law, took plaintiff to a house in Wilson

WY off paintbrush trail not far away from attorney's Jerry Bosh office

(house), intentionally show plaintiff the tasteless orgy picture of the

Sheriff Bob Zimmer, to seduce and frame him, by exposing their black

panties around an outside hot tab, under surveillance cameras.

5. The pretended drunk, Federal female agent took and shows plaintiff at the lower valley, the empty house from where according to her, Bob Zimmer and his Deputies stored and traffic illegal drugs.

6. Upon information and belief the disclosure of the existence of an orgy picture showing the former Sheriff, his illegal activities and association with dubious characters, to a female psychologist, by the plaintiff, while he was incarcerated at the Teton County jail, led to his early resignation and retirement.

7. Bob Zimmer was acting under color of state law and county ordinances when violated plaintiff's protective Rights, access to medical treatment, discrimination, depravation of his property and liberty rights.

14. Defendant, BOB MORLEY, is a Deputy with Teton County WY Sheriff's Dept. Employment mailing address is: P.O. Box 1885, Jackson WY 83001.

**Statement of facts**

1. Deputy Bob Morley was the first responder, after plaintiff calls 911, because he was threatens by a co-worker, on July 22nd 2008.

2. Bob Morley was acting under color of State Law and county ordinances, when he was bias and acting with discrimination against plaintiff.

3. Bob Morley never meets plaintiff. In a brief phone conversation gets the name of the co-worker, and then falsifies his report #0807-3739 that a resolution was reached, violating plaintiff's Federal protective property and liberty interest rights.

4. Deputy Bob Morley and co-defendant, Police officer Alex J Ayling, conspired to falsify the incident report #0808-3436 dated August 26th 2008, after plaintiff had called 911 to report someone was vandalizing his P-UP.

5. They falsified the day, of the incident, the truth facts, that plaintiff reported about the description of the vehicle that was driven by the person driving the get-away White SUV TagWY22-55EE.

6. They falsify the color of the SUV and the damage done to the P-UP.

7. They falsify the report to cover-up for Town of Jackson Councilman Mark Obringer, who got red handed, vandalizing his P-UP, by breaking the front lights.

8. Detective Kevin Jones was asking questions about the 911 call of the plaintiff.

9. The event happen soon after Plaintiff left a meeting at Joe's café, with co-defendants Jennifer Askay and Michael Morrissey who was asking the location of plaintiff's P-UP, and worrying about the safety of plaintiff's dog George.

10. The incident happened the same day that plaintiff met FBI agent Jude at her office.

11. The day before Mayor Mark Barron and Councilman Mark Obringer conspired at Hard Drive Café, to frame plaintiff to break election contribution laws, With Mark Obringer impersonating Mike Lance and asking for $176.000 to pay –off his failed campaign.

12. Police officer Alex J Ayling explaining the reason for the presence of Deputy Morley at the scene of the incidence was to arrest, plaintiff for a warrant from outside the State.

13. Deputy Bob Morley replies: "I am here only to see who you are".

14. Deputy Bob Morley on his way-out stated: "Good luck to you man, you are going too needed", clearly in a threatening and intimidating way.

15. The only reason that Deputy Bob Morley shows –up within city limits was to identify Plaintiff for further framings harassment and intimidation and for maximum Infliction of emotional distress.

15    Defendant, DUSTIN REAGAN was a Deputy with Teton County WY

Sheriff's Dept. Presently he is a Wyoming Hwy Patrolman. His employment

address is: P.O. Box, 974 Jackson WY 83001.

1. Deputy J Dahl and the former Deputy Dustin Reagan, conspired with
   other defendants to track, frame, harass and unlawfully stop and search
   plaintiff's vehicle, and in violation of his protective Federal Rights, to
   deprive him of his property and liberty interests.

2. Former Deputy Dustin Reagan, while attending the scene of a spiel at
   Hwy 22, in Wilson WY, points his middle figure at plaintiff, who was
   working nearby as a flagger at the construction site.

3. The event caused plaintiff to fear any law enforcement nearby and
   extreme emotional distress.

16    Defendant, DEPUTY J DAHL: He is employed by Teton County Sheriff's

Dept. his employment address is: P.O. Box, 1885 Jackson WY 83001.

1. The unprofessional way, Deputy J Dahl was contacting himself on
   August 24th at 4455 N Moose Wilson Rd, and the unlawful stop of the
   plaintiff at the border crossing of ID and WY on Hwy 22, and search of
   plaintiff's P-UP without a probable cause, was a part of his conspiracy
   with other co-defendants, to assault, frame , harass, intimidate,
   plaintiff.

2. Both Deputies were in contact upon information and belief with Deputy
   Michael Parker of the Teton County ID Sheriff's Dept, who at the same
   night conspired to assault, frame and removing plaintiff's belongings
   from Mike Harris campground in Victor ID.

3. Both Deputies wanted to know where plaintiff had spent the night after
   he got assaulted at the campground same night and lost all his
   belongings.

17    Defendant, Police Officer ALEX J AYLING: Defendant works for Town of

Jackson Police Dept. His employment address is: P.O. Box, 1687 Jackson WY

83001.

## Statement of facts

1. All statements from paragraph 14 (4, 5, 6, 7) are incorporated herein.
   Officer Alex J Ayling was the police officer who came to investigate the
   vandalizing of plaintiff's P-UP, after his 911 call sometimes the last week
   of July 2008 at the parking lot of Jackson Lodge Motel in Jackson.

2. Officer J Ayling came at the scene of the incident, with false and
   intentional defamatory information, that plaintiff was a mental patient

3. Officer J Ayling offers drugs to the plaintiff to calm him down stating:
   "man we have all the drugs you need, calm down", assuming that the
   plaintiff was a drug addict.

4. Officer Ayling made the statement that the former employer is ready to
   make things right if Plaintiff calms down.

5. Officer Ayling, acting under color of State law and Town of Jackson
   ordinances, conspired with other officers, and Deputies of Teton County
   Sheriff's Dept, to altered and falsify the incident report, and to violate
   plaintiff's Federal protective civil rights and inflict emotional distress.

6. Officer Ayling was the officer who intentional falsified another incident
   report, when plaintiff calls 911 to report stalking and that John Clinsman
   attempted to run him over with his suburban SUV at the parking lot of
   the whole grosser supermarket.

7. Officer Ayling twice denied access to copies of the incident reports as
   been confidential two weeks after the incidents and doing so denied
   due process, in violation of plaintiff's Federal protective right.

18     Defendant, Town of Jackson Police Dept: Mailing address is: P.O. Box,
1687 Jackson WY 83001.

**Statement of facts**

1. All allegations from paragraph 17 are incorporated herein.

2. The Police dept was the recipient of unlawful wiretap information by
   FBI and other federal agencies and contacting unlawful wiretaps on
   plaintiff.

3. The police Dept, acting under color of State law, and town of Jackson
   ordinances, was unlawfully, intercepting and obstructing a 911 call
   from the pay phone outside the convenient store Loaf & Jug, in
   Jackson, violating plaintiff's civil rights.

4. The police Dept is running with policies under color of city ordinances
   to harass, to cover-up, and falsify incident reports.

5. The Police Dept, upon information and belief, allowed Mayor Mark
   Barron to impersonate "Mark" the person answering plaintiff's cell
   phone calls, indented to attorneys Jerry Bosh and Mark Arowowitz of
   the Spence law firm.

6. The statement by "Mark" that plaintiff never will find Justice in America
   especially in Teton County, caused plaintiff emotional distress and
   violated plaintiff's Federal protective civil rights.

7. The Jackson Police Dept, refused to take seriously two stalking incidents
   by Mike DO, Chad Sullivan and John Clinsman that resulted to near life
   threatening situations.

8. The bias and discrimination and harassment that male Police Officers
   demonstrated on all encounters with plaintiff acting under color of law
   and Town ordinances violated plaintiff's civil rights.

9. The Jackson Police Dept, refused to take Plaintiff's complaints report that his official court transcripts were altered after the fact and falsify by the court reporter in undue influence by then District Judge Nancy Guthrie, and giving him the run around between the County attorney and the State attorney General's office.

10. The police Dept was aware that Detective Kevin Jones was issuing a false affidavit to get an arrest warrant.

11. The police Dept, Fax transmitted a false and blank warrant to WY Hwy Patrol to facilitate an unlawful arrest and start a malicious prosecution.

12. The police Dept conspired with Teton County Sheriff's Dept to deprive Plaintiff his Federal protective Rights of accessing the Courts and due processes.

19    Defendant KEVIN JONES, is a Police officer and a former detective with the Jackson Police Dept. His employment address is: P.O. Box 1687 Jackson WY 83001.

**Statement of facts:**

1. Police officer Kevin Jones was the first responder to plaintiff's 911 call when his P-UP was vandalized by Town Councilman Mark Obringer.

2. Police officer Kevin Jones conspired with Police officer Alex J Ayling and Deputy Bob Morley to cover-up the incident by falsifying and altered the facts of the report.

3. Police officer Kevin Jones called plaintiff's cell phone at least twice to inquired about tools and equipment rented by plaintiff from Teton Rentals.

4. Police officer Kevin Jones notified by the Police Dept, switchboard operator and messages to his voice mail, about the information that he was looking after.

5. Police officer Kevin Jones, acting under color of state law and Town of Jackson ordinances conspired with others to falsify his affidavit and caused a fraudulent warrant to be issue and transmit a blank warrant to WY Hwy Patrol that facilitated an unlawful arrest and malicious prosecution.

6. Police officer Kevin Jones, was acting under color of WY State law and Town of Jackson ordinances, at all times when conspired with Teton rentals owner Jack Vosika and Deputy Michael Parker of Teton County ID Sheriff's Dept, to falsify his affidavit, to spoil evidence, in violation of plaintiff's protective Rights, depriving plaintiff of his property and liberty interests.

20      Defendant, FBI, agent JUDE: She is the FBI resident agent for Jackson, Teton County WY. Mailing address is: P.O. Box, 3113 Jackson WY83001.

**Statement of facts**

1. At all times the claim(s) alleged in this complaint the defendant was acting under color of State and Federal law, violating plaintiff's protective Federal Rights with illegal wiretaps, releasing and disseminating intentional false and defamatory statements, for the purpose to frame, defame plaintiff and caused Intentional Emotional Distress.

2. Plaintiff had met defendant in the coffee section, of the Teton County Library WY many times without knowing her capacity at the time, while she was tracking and spying on plaintiff's readings and research and

direct or indirect involved on plaintiff's coffee to be spiked and poisoning him.

3. Plaintiff met agent Jude at her office the last week of August 2008, after an armed assault and intimidation to stop a civil litigation proceedings, against former employer Snake River Ranch LLC (SC 2008-65), from his residence at 4455 N Moose, Wilson Rd, the night of August 23rd 2008.

4. Further under 42 USCS § 1985 (2) (3), FBI agent Jude conspired with co defendants Jennifer Askay, library employee Adam, Traci Anders, of Wells Fargo Bank, to illegally track, wiretap, plaintiff's Cell Phone and his GPS, for the sole purpose to assassinate him with high speed truck chase, West of Riverton WY.

5. Further in violation of 42 USC § 1983, federal and state protective rights of plaintiff, the FBI agent used for the conspiracy confidential Library's material(copy of a road map to Riverton WY from MapQuest), to track, intercept, plaintiff on his way to meet Wyoming SBDC director, Margie E Rowell.

6. Upon belief and information, defendant Jennifer Askay was in contact with the FBI agent when she was retrieving the MapQuest map to Riverton and telling her that Basile is near the Jackson airport and he probably leaving the country.

7. Traci Anders was in touch with Jennifer Askay and agent Jude when she calls back plaintiff and tells him" I know you are about three hours from London and I am sorry that things didn't work for you in America.

8. Traci Anders made that call to keep plaintiff talking for a better GPS location and tracking for that evening's assassination attempt.

9. Upon information and belief agent Jude, acting without court authorization under 18 USC § 2510-2520 conducted an illegal wiretap for the sole purpose to frame, locate, and assassinate plaintiff.

10. Agent Jude unlawfully she was sharing information from the illegal
wiretaps with Jackson Police Dept, Teton County Sheriff's Dept, and
other co-defendants, and acting under color of Federal law, conspired
to malicious prosecute, frame, locate and attempted to assassinate
plaintiff.

11. FBI agent JUDE, used front end businesses, to frame plaintiff and
interfere with plaintiff's business.

12. Agent Jude was listening on Plaintiff's speaker phone, at her office when
Jennifer Askay calls requesting a meeting as soon as possible.

13. Agent Jude, told plaintiff on his way out of her office to tell Jennifer (the
bitch) to behave when you meet her downstairs.

14. Agent Jude knew in advance that plaintiff would be taken to the "safe
house "at 6875 W Hwy 22, in Wilson WY for the purpose to be frame,
and subjected to intentional emotional distress.


21    Defendant FBI is a Federal Law enforcement agency, headquartered I n
Washington DC. Mailing address is: P.O. Box, 3113 Jackson WY 83001.

## Statement of facts

1. All allegations from paragraph 20 (1-14) are incorporated herein.

2. At the time all allegations in this complaint arose, FBI was acting under
color of Federal law, conspiring (several unknown name agents), in
Idaho, Wyoming, and Oklahoma to unlawfully intercept and disclose
his land line and cell phone communications, including his GPS
locations, in a conspiracy to assassinate plaintiff in Victor ID, in front of
a "Drug Trap" known as hot dog stand, by a hit man from Enid OK,
known to FBI, plaintiff and Attorney Steffen Jones. (Steffen Jones was
plaintiff's attorney in Enid OK in 2005).

3. Two days later after the failed attempt conspirators, tried a second attempt by a very high speed chase, 12-14 miles West of Riverton Wyoming 2:10 AM.

4. Plaintiff recognized the lady passenger and the driver of the older blue P-UP, after stopping next to him and asked "Basile is everything OK?"

5. The lady passenger was the FBI agent Jude. The man driver was another agent, unknown name, who had given plaintiff, twice before $26.00. The first time at the Staples parking lot while plaintiff was picking up trash as a community service and the second time in front, of Anvil's Motel in Jackson Hostel entrance.

6. The chasing white DODGE full size P-UP, upon information and belief was driven by Deputy Michael Parker of Teton County ID Sheriff's Dept.

7. Defendant FBI was direct or indirect involved in a sabotage of a rental Piper Cherokee six aircraft from NWAero in Enid OK, by gutting out an essential navigation instrument and loosing up the throttle handle etc, in a locked and parked outside aircraft, upon belief and information.

8. Defendant FBI, upon belief and information were involved in two separate high speed chases in Oklahoma in 2005 and causing twice propane leaks at his propane tank at his residence at 8229 West Willow Enid OK, for the sole purpose to burn him alive, soon after plaintiff reported to them that he had a video tape showing the Enid Police Chief unloading a Piper Dakota aircraft with a large amount of illegal drugs at the entrance of the hangar of NW Aero Inc,.

9. The chase on Hwy 64, in Cleveland County was soon after an agent disguised as a Utility worker, loosens –up the rear tag plate of his new red Ford Ranger P-UP.

10. The high speed chase on Hwy 64 took place same day and within two hours after plaintiff meets the resident FBI agent from the Tulsa International airport, at the old residence of Mrs. Orpha Harnish.

11. Upon belief and information FBI and other Federal agencies were involved, in putting her new house that she moved to, in a very suspicious fire to uncover and verify incriminating evidence from her art works, paintings in a related IRS probe.

12. FBI and other Federal agencies in an open ending conspiracy and racketeering formed a criminal enterprise, to interfere tortuously with plaintiff banking activities and other businesses, including the marketing of his discoveries in Renewable Energies, and the epidemic in Diabetes II.

13. FBI and other Federal agencies, are conducting an open ending, conspiracy to inflict Intentional Emotional Distress on the plaintiff, in violation of his protective Federal Civil Liberties.

14. FBI direct or indirect executed the first assassination attempt, in a Taxi hid and run in an underground garage in New York City the Spring of 1981, as a direct result of plaintiff's separation with Captain Perry Pselledes, business and family, who is a US Government operative.

15. FBI and other Federal agencies are engaged in an open ending enterprise to maliciously prosecute and drop charges, in fraud by a check incidence when at the same time are engaged in an open ending conspiracy to frame plaintiff in Real Estate Schemes and Fraudulent transactions.

16. FBI has caused through illegal wiretaps and interceptions of plaintiff's communications, the prevention of contacts and denial of a relationship and alienation of affection between father and son, a protective right. (Attorney Paris Daskalakis).

17. FBI has unlawfully, acting under color of Federal Law, blocked e-mails and resumes to prospect employers, business e-mails and communications with attorneys and tortuously interfering with plaintiff's business.

18. An FBI agent shows up in a Casper Wyoming real estate agency and tells them not to do business with plaintiff, using intentional false and defamatory statements.

19. FBI through unlawful wiretaps and interceptions of his cell phone 307-690-3638, using "Mark" to answer his calls indented for two different attorneys, and tells plaintiff will never find Justice in America, especially in Teton County WY, and forms an illegal enterprise, and conspiracy to accomplish that.

20. FBI using undercover agents, disguised as real estate agents, from Re-Max Real Estate to track and frame plaintiff to break the law.

21. FBI using Carla Draper in Jackson WY to track, spying on plaintiff and invited plaintiff to leave the State when she knew that plaintiff was restricted by a Court order.

22. FBI used Bob Bernadis, in Casper WY to frame and spy on plaintiff pretended that he has, close relatives in Japan, to get information on plaintiff's attempts to market his inventions in Japan.

23. Many years FBI contacted unlawful wiretaps, to intercept Plaintiff's communications with the Greek Counselor in Houston Texas and various Universities in Japan, in an open ending spying for his discoveries, marketing, and as direct result plaintiff suffers money damages, loss of business income and other business opportunities.

24. FBI using unlawful wiretaps and the dissemination of wiretap information, with WY Work force to block e-mails and resumes to prospect employers.

25. FBI tortuously interferes, with WY Unemployment Insurance, and Workers Compensation funds, to cause denials to legitimate claims without a due process. Further FBI influences the false filings from last employment earnings for a permanent disqualification of unemployment Insurance benefits.

26. Upon belief and information FBI acting under color of Federal law, was actively interfered with District Court official reporter, Lance Oviatt, and the District Judge Nancy Guthrie, to altered court transcripts, so see that Justice doesn't prevail. (Case No. 15085).

27. FBI tortuously, interferes with the University of Wyoming patent office and the director of the 6th region SBDC, to renege of their agreement to help him on his applications for a patent and by doing so obtaining by fraud patentable and other intellectual properties.

28. FBI was acting under color of Federal law, when caused with other conspirators, to hold plaintiff hostage for two hours in a WY Hwy patrol car, confiscate incriminating evidence until a fraudulent and blank warrant to be fax that started an unlawful arrest and malicious prosecution in violation of his civil liberties, in a Cheyenne Truck stop on Nov, 10th 2008.

22.    Defendant, RADIO SHACK/ VERIZON WIRELESS INC: Mailing address is P.O. Box, 14820 Jackson WY 83002.

### Statement of facts

1.  Radio Shack/Verizon Wireless Inc., was plaintiff's wireless phone provider.

2.  In two distinct occasions, when plaintiff realized his phone was tapped and his calls monitored and intercepted, they attempted to change the security settings to avoid the security breach, while at the same time were providing the settings to various Federal and local law enforcements to do just that, participating in unlawful wiretaps and call interceptions.

    18 USC §§ 2510-2520. US V. Koclustian (1975, CA Cal) 529 F 2d 585),

18 USC § 1962 (d)(c), US V. Phillip Morris USA Inc,, (2004, DC Dist Col)

327 F Supp 2d 13.

23. Defendant, Remax Realty is a national real estate company. They have

franchised branches at: 80 W Broadway, Jackson WY 83001, and 350 West 'A'

street, Suite 109, Casper WY 82601.

### Statement of facts

1. Both realties used and employ sales associates, knowingly undercover,

   Federal agents.

2. Carla Draper in Jackson WY and Bob Bernadis in Casper WY are Federal

   undercover agents or informants upon belief and information.

3. Both real estate agents, acting under color of State and Federal Laws,

   conspired to deprived plaintiff of his protective Federal Rights and

   unlawfully spying and wiretapping, frame plaintiff, to deprive him of

   his Property and Liberty interests.

24. Defendant Wells Fargo Bank NA. Mailing address is 50 Buffalo way,

Jackson WY 83001.

### Statement of facts:

1. The bank under 18 USCS § 1962 (c), engaged in unlawful activities

   against the plaintiff.

   a. The bank, and employee Traci Anders, and other employees

      at the clearing of electronic transactions, in association with

      an enterprise, in a pattern of predicated acts, were afflicting

      Interstate commerce activities of the Plaintiff.

2. The bank acting under color of State and Federal laws conspired with

   co-defendants, to track and spy on Plaintiff.

3.  To spy on plaintiff's business, unlawfully shared privilege information for the purpose to track and spy on Plaintiff's movements.

4.  The revocation of an overdraft protection, on plaintiff's checking account, by the Federal Reserve of Kansas City, without notify in a timely matter plaintiff, caused fraud by check charges, incarcerations, tortuous business interference, lost of business and income opportunities.

5.  The timing of the closure of plaintiff's accounts were part of a conspiracy in an enterprise with predicated acts to cause physical and mental pain and suffering in a pattern of Intentional Infliction of Emotional Distress.

6.  The bank knowingly, allowed bank employee, Traci Anders, to spy and track plaintiff in association with other conspirators to assassinate plaintiff West of Riverton WY.

25. Defendant TRACI ANDERS. Mailing address is unknown.

## Statement of facts

1.  Traci Anders was Wells Fargo Bank employee on June-August 2008, while all allegations arose.

2.  All allegations from paragraph 24 (1-5) are incorporated herein.

3.  Traci Anders was releasing financial and other confidential information to the others conspirators.

4.  Traci Anders when she referred plaintiff to Jennifer Askay from Prime Properties of Jackson Hole, knew in advance and conspired to help others to locate, track and frame Plaintiff.

5.  Traci Anders was in contact or present at the location where Jennifer Askay , in a three-way phone conversation was retrieving and relaying plaintiff's activities, from Teton County Library employee

Adam, by asking Adam to give her the CARQUEST map information that plaintiff got to Riverton WY, and that Basile is near the Jackson airport on his way out of the Country.

6.   Traci Anders calls plaintiff soon after Jennifer Askay, and instead to report to him his account activity she stated; "Basile, I know by now **you are almost in London, I am very sorry that things didn't work out** for you in America.

7.   Traci Anders as an employee of Well Fargo Bank was in association with a racketeering enterprise, participated in a pattern of predicated acts, to frame and assassinate plaintiff. 18 USCS §1962 ( c)  Heller V. Deutsch Bank AG (2005, ED Pa) 95 AFTR 2d 1372.

26.  Defendant, JENNIFER ASKAY. She was a sales associate with the Prime Properties of Jackson Hole Real Estate, in Wilson WY. Her present address is unknown.

### Statement of facts:

1.   Jennifer Askay, upon belief and information is an undercover agent or informant for the FBI and DEA.

2.   Jennifer Askay, as an employee of the Prime Properties of Jackson Hole was associated with a racketeering enterprise, participated in a pattern of predicated acts, to frame, assault, defraud, and assassinate Plaintiff. Heller V. Deutsche Bank AG (2005, E.D.Pa) 95 AFTR 2d 1372.

3.   Jennifer Askay was referred to the plaintiff by Traci Anders, who was a teller and overseen plaintiff's account at Jackson State Bank now Wells Fargo Bank.

4.   Jennifer Askay called Plaintiff the morning of August 24th, 2008 three times.

5.  Plaintiff answers the third call and Jennifer stated: **"I am very sorry to what happen to you last night; we never meant to hurt you".**

6.  Jennifer Askay was working as a team with Michael Morrissey of the same real estate company, in association with a racketeering enterprise, affecting interstate commerce, participating in a pattern of predicated acts to collect an unlawful debt. 18USCS §1962(c). US V. Fernandez (2004, CA 9 Cal) 388 F 3d 1199'

7.  Jennifer Askay was the recipient of wiretap information.

8.  Jennifer Askay signed an exclusive Real Estate agent agreement with Plaintiff for Teton County ID.

9.  Jennifer Askay and Michael Morrissey used that agreement, to frame, defraud, and inflict Intentional Emotional Distress upon plaintiff and attempted to collect an unlawful debt.

10. Jennifer Askay and Michael Morrissey, agreed and promised their services to assist plaintiff to find a rental property in Driggs ID.

11. Jennifer Askay and Michael Morrissey provided **a "safe house"** for plaintiff after their participation in an armed and forced eviction from his residence, at 4455 N Moose Wilson Rd.

12. The "safe house" has a well displayed address of 6875 West Hwy 22, Wilson WY, while doesn't exist at the County official records.

13. The "safe house was used to frame plaintiff and cause upon him Intentional Emotional Distress.

14. Jennifer Askay and Michael Morrissey made two appointments to show rentals available and control by their real estate company, but they didn't show up, instead they send Deputy Michael Parker of Teton County ID, Sheriff's Dept with a copy of a $100.000 check, to inflict fear, intimidation and Emotional Distress.

15. Jennifer Askay and Michael Morrissey met plaintiff down stairs from the Jackson FBI office, while other conspirators were acting under

color of State and Federal law, in concert with them, depriving

plaintiff his Federal protected property and liberty interests.

27. Defendant, MICHAEL MORRISSEY, is a retired medical doctor, who works

as real estate sales associate for Prime Properties of Jackson Hole LLC. His

employment address is: P.O. Box 1170, Wilson WY 83014.

### Statement of facts:

1. All references of Michael Morrissey from paragraph 26 (1-12) are
   incorporated herein.
2. Michael Morrissey has been the recipient of unlawful wiretap
   information and through that information, met plaintiff for the first
   time at the storage facility in Wilson WY, owned and operated by
   Flat Creek Capital corp.
3. Michael Morrissey was waiting for plaintiff to arrive at the storage
   facility, with his two chocolate labs dogs, after Jack Vosika from
   Teton Rentals sends him there to inquire for storage space.
4. Michael Morrissey advice plaintiff to call the number on an
   obscured sign, but not to expect a call back, **since the phone
   number is a Fax number and the lady doesn't return calls.**
5. Michael Morrissey gives plaintiff his business card that shows he is
   working for Prime Properties of Jackson Hole.
6. Plaintiff, mentions to him that he was expecting a call from Jennifer
   Askay and he replied: We are working as a team and we will take
   care of you.

28 Defendant, Flat creek Capital Corp is a WY corporation. The agent for the corporation is attorney Paul D'AMOURS. His mailing address is: P.O. Box 449, 30 E Simpson Street Jackson WY 83001.

### Statement of facts:

1. The law firm of PAUL D'AMOURS was representing, plaintiff's former employer, Snake River Ranch LLC and the manager Lance Johnsen, when all allegations arose, in his small claim action.

2. Upon belief and information Attorney Hess of the same law firm, conspired with the former employer ,Lance Johnsen, Jennifer Askay, Michael Morrissey, and other conspirators to force evict plaintiff with firearms, assault him, and inflict upon him intentional emotional distress.

3. Plaintiff inquired on 2009 for a rental storage space from their facility and while he exchange many calls with Flat Creek Capital Corp, they never offer or deny him space or terms for rental space, indicating that from the beginning, because of information received through unlawful wiretap information, the purpose of the first meeting with Michael Morrissey was set there to further their conspiracy to frame plaintiff, to believe that space was available, and get involved with Michael Morrissey and Jennifer Askay.

4. Jack Vosika of Teton Rentals was part of that conspiracy.

29 Defendant, PRIME PROPERTIES OF JACKSON HOLE, is a Wyoming corporation. Mailing address is P.O. Box, 1170 Wilson WY 83014.

### Statement of facts:

1. Upon belief and information the corporation is a front company that operates, manages, "Safe Houses", for Federal Agencies and their

employees, for the purpose to spy, frame, assault, and inflict

Intentional Emotional Distress to unsuspected clients and guests.

2. The "safe house" at 6875 West Hwy 22 in Wilson WY, was operated,

and managed by Prime Properties of Jackson Hole LLC.

3. The address of the "safe house" while is accurate and well displayed,

doesn't exist at the official, County Land or tax records, indicating

that it is a "safe house".

4. The "safe house" is known also as Dr. Smith place.

5. Prime Properties of Jackson Hole LLC, knowingly, let plaintiff move

in, for the sole purpose, to be on camera monitoring, wiretap, to be

frame, and subjected to extortion by Michael Morrissey and Jennifer

Askay , with full participation and control of FBI, and local Sheriff's

Dept.

6. Prime Properties of Jackson Hole, conspired with Jennifer Askay and

Michael Morrissey to inflict Negligent and preventable mental pain

and suffering to the plaintiff.

7. Prime Properties of Jackson Hole, conspired and through extortion

obtained and involved plaintiff in a real estate transaction, for the

sole purpose to frame, defraud, plaintiff and inflict upon him

Intentional Emotional Distress by trying to collect an undue debt.

30    Defendant, PAT HESS is a Wyoming Hwy Patrol Trooper. Budge 46.

Mailing address is: 700 West 21st Street, Cheyenne, Wyoming 82002-0179.

### Statement of facts:

1. Plaintiff calls for emergency assistance on Nov 10th, 2008 about

6:00 AM for two gallons of gas. Hwy Patrol dispatch advices plaintiff

to wait and call back about 7:00 AM for more troopers to arrive.

Plaintiff calls back.

2. Trooper Hess # 46 was the first responder to plaintiff's call for assistance about 7:30 AM.

3. Trooper Hess refuses assistance and started investigating plaintiff and looking inside his P-UP and lifted the tarp in the back of the P-UP.

4. It was very cold and snowing and trooper asks plaintiff to get to his patrol car, **where he was held hostage for about two hours.**

5. While plaintiff was in the patrol car, Trooper Hess, receives a call from Deputy Michael Parker of Teton County ID, Sheriff's Dept.

6. The Deputy requests from Trooper to hold Plaintiff until he gets a warrant, because he suspected plaintiff had stolen his lap-top and his cell phone from his patrol vehicle.

7. Plaintiff denies such accusations and tells the Trooper that the Deputy tries to frame him. The **Trooper Gives ten (10) more minutes to the Deputy for his warrant and filled up a conduct ticket for plaintiff stating: "It is not me, they want me to hold you".**

8. A Deputy from the Laramie County Sheriff's Dept arrives and gives the Trooper a different cell phone.

9. Soon after the Trooper asks permit ion to search the P-UP. Plaintiff refuses the search without a warrant.

10. A second Deputy arrives and tells the Trooper: "they are ready to receive him".

11. The Trooper asks plaintiff to get out of his patrol car and put his hands over the hood of his P-UP, and tells plaintiff he is under arrest for stealing the Deputy's lap-top and cell phone.

12. The trooper proceeds and searches the P-UP inside and out in violation of his Fourth amendment Rights and removes plaintiff's lap-top and cell phone and brings them inside his patrol car. See: Watts v. Graves (1983, CA 5 La) 720 F 2d 1416.

13. The Trooper makes various false and defamatory statements to the Deputies that plaintiff is a mentally ill, depriving plaintiff's liberty interest under the Bill of Rights. 42 USCS § 1983, Stevens V. Rifkin (1984, ND Cal) 608 F Supp 710. Poirier V. Hages (1978, MD Fla) 445 F Supp 838. Marrero V. Hialeah (1980, CA 5 Fla) 625 F 2d, 499, cert, den (1981) 450 US 913, 67 L Ed 2d 337, 101 Sect 1353, and criticized in WMX Techs V. Miller (1996 CA 9 Cal) 80 F 3d 1315, 96.

14. The Trooper acting under color of State Law deprived plaintiff of his constitutional Rights, and the State remedy that plaintiff pursuit was inadequate in form and substance. 42 USCS § 1983. Haag V. Cuyahoga County (1985, ND Ohio) 619 F Supp 262, affd without opp (1986, CA 6 Ohio)798 F 2d 1414.

15. Trooper Hess, Deputy Michael Parker, detective Kevin Jones, FBI, and others, fabricated evidence, to induce an unlawful arrest, injury to plaintiff's property and deprivation of his Liberties and malicious prosecution. 18 USCS § 1964 (c). In a Racketeering activity, pursuant to § 1961 (1) and in a pattern, pursuant to § 1961 (5) they injured plaintiff by reason of violation of USC § 1962. See: Diaz V. Gates (2005, CA 9 Cal) 420 F 3d 897.

16. Trooper Hess in concerted actions with a private party (Doug's towing), acting under color of State law, towed-away plaintiff's P-UP, without a citation or summons or a hearing to contest such an action, deprived plaintiff of his property, without due process of law. 42 USCS § 1983. Watters V. Parrish (1975, WD Va) 402 F Supp 696.

17. The Trooper takes plaintiff to the Laramie County Jail, where the nurse and the trooper was insisted to know how many times the plaintiff has been in that Jail.

18. **The Jail staff denied plaintiff's access to the Greek Counselor and or Public Defender, because of higher authorities.**

**19.** Seventy four or seventy six hours later, plaintiff was informed that he is getting transferred to Teton County WY, and was given a one page, partial felony warrant for theft of services.

31      Defendant Doug's towing: Address is 513 E College Dr, Cheyenne WY 82007-3503.

### Statement of facts:

1. Doug's towing in concerted actions with the WY, Hwy Trooper, Pat Hess acting under color of State law, towed plaintiff's P-UP without a citation, summons or inventory list, and conspired to dispose and spoiled evidence, in violation of plaintiff's Federal protective Right, depriving plaintiff of his Property and Liberty Interests. See: **Poirier V. Hages (1978, MD Fla) 445 F Supp 838.  Stevens V. Rifkin (1984, ND Cal) 80 F Supp 710.**

2. **Doug's** towing refused to respond to a subpoena and letters of inquiring from plaintiff on a related litigation, in regards to his P-UP and the contents.

3. **Doug's** towing, violated plaintiff's Federal Protective Right of due process and conspired to confiscate his P-UP with the contents that included intellectual properties and patent applications.

32      Defendant MARK BARRON is the Mayor of Jackson. Mailing address is: P.O. Box, 1687 Jackson WY 83001.

### Statement of facts:

1. Defendant Mark Barron was acting under color of State law and Town of Jackson ordinances when all allegations arose.

2.  Mark Barron was the recipient of illegal wiretap information,

    regarding, Plaintiff's locations and appointments.

    Mark Barron used that information, to wait plaintiff's arrival at Hard

    Drive Café some time the last week of August 2008, where plaintiff

    had a scheduled early morning meeting with two Real Estate Agents

    **Michael Pruitt and Ariel Mann Berg Myer.**

3.  Mark Barron invited Plaintiff and his guests to sit in his table, where

    he introduced him as "Greek Tycoon" to his male bold smiling man.

    His guest introduces himself as MIKE LANCE.

4.  Mark Barron stated: Basile can help you pay the $ 176.000 campaign

    debt.

5.  Plaintiff replies that he is not a rich man and he can't contribute or

    vote for any candidate, because he is not an American citizen.

6.  Mark's Barron guest was actually Town of Jackson Councilman Mark

    Obringer, impersonating Mike Lance, to frame Plaintiff to promise a

    large and unlawful contribution. Both invited plaintiff to the Town's

    Council meeting that night, where after the meeting the deal will be

    finalized.

7.  <u>Both plaintiffs' guests remain silent during and after the meeting,</u>

    <u>indicating that both were aware of the set-up.</u>

8.  Mark Barron and Mark Obringer acting under color of Town

    ordinances conspired to frame plaintiff and joined an unlawful

    enterprise in a pattern with the rest of defendants, to frame and

    violate plaintiff's liberty interests.

9.  Next day Plaintiff's cell phone was intercepted by an illegal wiretap,

    where "Mark" answers a call intended, for attorney Jerry Bosh.

10. Plaintiff immediately returns a call to an attorney Mark Aronowitz,

    and the same "Mark" answers the call, who upon belief and

information was Mark Barron who got access and in association of the Jackson Police Dept, which was conducted the wiretaps.

11. "Mark", the person intercepting Plaintiff's calls, after got cut, wanted to know, what the Plaintiff was up to. Plaintiff replies "Justice" and "Mark" stated: "You will never find Justice in America, especially in Teton County.

12. Plaintiff got panicked and distraught calls Ms. Ariel Berg Myer for assistance for a good lawyer and she suggests the Spence Law firm, where they meet after awhile.

13. Next day, after Plaintiff left the local FBI office, and soon after meeting at "Joe's Café, Jennifer Askay and Michael Morrissey, sees the same person, who impersonating Mike Lance the day before, breaking and vandalizing his P-up, parked cross the street from Loaf & Jug convenient store on West Broadway in Jackson.

14. Plaintiff calls 911 and gives the Tag# (WY 22 55EE) and the color (Light Tan) to the dispatch.

15. Plaintiff calls FBI agent JUDE, and tells her that he recognized the person breaking his P-UP. She stated: "No it can't be the same person".

16. An English golden setter dog and a female passenger enter the white SUV, before they sped –off on East Broadway in Jackson. Upon belief and information the female passenger was the Mayor's Mark Barron wife.

17. Mark Barron and Mark Obringer acting under color of Town of Jackson ordinances conspired to frame and deprive Plaintiff of his protective Rights of Property and Liberty interests.

33. Defendant, MARK OBRINGER, is a councilman for the Town of Jackson. His mailing address is: P.O. Box 1687, Jackson WY 83001.

**Statement of facts:**

1. Al allegations from paragraph 32 (1-18) that refers to Mark Obringer are incorporated herein.

2. Mark Obringer, was the recipient of wiretap information.

3. Mark Obringer used that information to frame, conspired to frame Plaintiff and acting at all times under color of Town ordinances, deprived plaintiff of his property and liberty interests.

4. Mark Obringer conspired with others to vandalized plaintiff's P-UP and undermined the safety of his P-UP, by breaking his front lights, etc. Upon belief and information Mark Obringer had rewired the fuse box of plaintiff's P-UP at an earlier day.

5. Mark Obringer used a rental SUV from Corpat Inc, to carry-out the unlawful destruction of Plaintiff's P-UP and impaired its safety.

6. Mark Obringer and Mark Barron conspired with Police Officers to cover-up their unlawful actions, and spread false and defamatory rumors about Plaintiff's mental integrity and that he runs around the Country issuing bad checks, to cause Intentional Emotional Distress.

7. Ariel Mann Berg Myer and her mother Carol Mann Berg Myer, were among others the recipients of those false and defamatory rumors and used them by following Plaintiff in public places and tell him that: "You are a smart man, but you need help,...etc.

8. The Police officers, the Mayor and the councilman unlawful activities, had the potential to cause direct and immediate harm on Plaintiff's safety, and acting under color of their official capacities, violated plaintiff's protective Rights. **See: ACLU v. Chicago (1976, ND Ill ) 431 F Supp 25, subsequent App. (1977, CA 7 Ill ) 558 F 2d 1031, cert. den (1977) 434 US 828, 54 L Ed 2d 87, 98 Sec 108, subsequent app (1977 CA 7 Ill ) 565 F 2d 975, 24 FR Ser. 2d 547 (criticized in Hadgers-**

**Durgin V. De La Vina (1999, CA 9 Ariz) 165 F 3d 667, 99 CDOS 326, 99**

**Daily Journal DAR 403, 42 FR Serv. 3d 837 ).**

34. Defendant Nancy Guthrie: Her address is P.O. Box, 1036 Jackson WY 83001.

### Statement of facts:

1. Defendant Nancy Guthrie was the District Judge for the 9th Judicial District, Teton County WY, when all allegations arose.

2. Nancy Guthrie as a Judge, violated Plaintiff's Civil Liberties, by deny him full access to the courts.

3. As a Judge Nancy Guthrie, violated plaintiff's Right to be heard in court proceedings, by ignoring Motions, request for hearings, or compel discovery in his civil litigation, Case No. 15085.

4. As a Judge Nancy Guthrie, conspired with other defendants, to cover-up for Mark Barron, Mark Obringer, Police Dept of Jackson and Teton County Sheriff's Dept, restricting plaintiff's ability to serve all his defendants, disallowing discovery through subpoenas, in violation of plaintiff's protective rights.

5. As a Judge, Nancy Guthrie, conspired with her official Court reporter to altered and falsify the official Court transcripts of a hearing to invalidate Plaintiff's valid points for Appeal to the WY Supreme Court.

35. Defendant Lance Oviett: Mailing address is : P.O. Box 1036 Jackson WY 83001.

1. All references of Lance Oviett from paragraph 34 (1-5) are incorporated herein.

36. Carol Mann and Ariel Berg Myer are mother and daughter.

Mailing address is: 970 W Broadway, # 500 Jackson WY 83001

1. Both defendants have been recipients of wiretap information, false rumors and defamatory statements from Mark Barron, Mark Obringer, Jackson Police Dept, and Teton County Sheriff's Dept and conspired to spread those false rumors and statements with other defendants to inflict Intentional Emotional Distress upon Plaintiff and defame him and his business.

2. Both follow plaintiff in public places, (Public square and whole Grosser Supermarket) to tell plaintiff loud and in front of witnesses that he is a smart man but he needs mental help,...and that he travels the Country writing bad checks, humiliating plaintiff and his business.

37. Defendant Corpat Inc. Mailing address is: P.O. Box, 16210 Missoula Montana 59808.

1. The corporation operates rental car lots in Jackson WY

2. The corporation rented the SUV (tag WY 22, 55EE) to Mark Obringer to commit unlawful acts the last week of August 2008 and through its local Manager conspired to cover-up with Mark Obringer, Jackson Police Dept, and Teton County WY Sheriff's Dept.

38. Defendant Margie E Rowell. Mailing address is: 213 W Main, Suite C, Riverton WY 82501.

1. Margie E Rowell is (was) the Director for Region 6 for the WY SBDC

2. Margie E Rowell acting under color of state law tortuously interferes with plaintiff's business, acting with bias and discrimination on plaintiff's business inquiries.

3. Margie E Rowell intentional missing business appointments and filtering-out

plaintiff's applications for a marketing grant, in concerted efforts, with Federal

Agencies to undermine plaintiff's business and patent applications with the

University of WY in Laramie

## B. JURISDICTION

1. Jurisdiction is asserted by the money damages Plaintiff demands in excess

   of $75,000.

2. Jurisdiction is asserted pursuant to: 42 USCS § 1983.

3. Jurisdiction is asserted pursuant to: 42 USCS § 1985 (2) (3).

4. Jurisdiction is asserted pursuant to: 42 USCS § 1986, 1987.

5. Jurisdiction is asserted pursuant to: Bivens V. Six Unknown Named agents

   of Fed. Bureau of Narcotics.

6. Jurisdiction is asserted pursuant to: 28 USCS § 2510-2520.

7. Jurisdiction is asserted pursuant to: Interstate Commerce Clause, Hobbs

   Act, July 3 1946, ch 537, 60 Stat. 420, 18 USCS § 1951, June 25, 1948, ch

   645, 18 USCS § 1951.

8. Jurisdiction is asserted pursuant to: 18 USCS § 1961, 1962, et seq, RICO

   Act.

9. Jurisdiction is asserted pursuant to: 18 USCS § 1702, 1903

10. Jurisdiction is asserted pursuant to: 28 USCS § 1367.

## C. CAUSE OF ACTION

I alleged that my following rights, privileges or immunities have been violated:

1. Constructively and wrongful discharge from a fix duration employment

   without a cause.

2. My First Amendment Rights were violated by getting retaliated for my writings, mail interceptions and obstructions, and destruction of mail.

3. My Fourth Amendment Rights were violated three times, in Victor ID, Driggs ID, Cheyenne WY, by unlawful searches and seizures in Depravations of Property and Liberty Interests.

4. My Fifth Amendment Rights were violated many times by impounding and confiscating private property without a due process.

5. My Eighth Amendment Rights were violated by excess bails, to an unlawful and malicious prosecution, and denial of medical services while incarcerated in the County Jail.

6. My Fourteen Amendment Rights were violated by depravation of my property and liberty interests.

7. My Right to have access to Courts, to be heard at court proceedings.

8. My right to be free from unlawful wiretaps, were violated for many years.

## D. PREVIOUS LAWSUITS

1. I have pending on appeal the dismissal of a lawsuit that involves many of the same defendants, in the 9th Judicial District Court, Teton County WY. (Case No. 15085)

   a. Parties to previous lawsuit; Plaintiff: Basile S Daskalakis

                                        Defendants: William B Resor, John

Resor, Snake River Ranch LLC, Snake River Associates LP, Crystal Springs Ranch Inc, Barbara Hauge, Lance Johnsen, Robert Wright man, Wells Fargo Bank, Michael Morrissey, Jennifer Askay, Traci Anders, Prime Properties of Jackson Hole, Bank of Jackson Hole, Teton Rentals and Jack Vosika.

        b. Issues Raised: 1. Breach of Contract, 2. Assault, 3. Wrongful

           discharge from Employment in a Breach of Employment

           Contract, 4. Conspiracy, 5. Tortuous Business Interference.

        c. The lawsuit was filed approximately September 2008.

        d. Appeal to the WY Supreme Court was filed March 2010.

    2. CONDITIONAL FILING CASE NO. 4: 10 –cv-00221-MHW at US District

        Court, District of Idaho, that includes some of the same defendants.

## E. IMMINENT HARM

    1. Due to many attempts against my life, involving Federal, County, Police

        Depts., I feel I am in imminent danger of serious physical harm.

    2. My drinks were spiked at the Local Library.

    3. A female Deputy cut my bike tire outside the public library.

    4. I witness Mark Obringer (Town of Jackson Councilman), vandalizing my

        P-up and impaired its safety.

    5. Alteration of official reports by Jackson Police, and Sheriff's Dept., to

        obstruct Justice.

    6. I know too much about illegal drug trafficking involving law

        enforcement that FBI, DEA are out to get me Dead or Alive.

    7. The unlawful impounding and confiscation of my P-UP restricts me

        from moving around, the continuous harassment by the Jackson Police,

        and been followed makes me a sitting duck.

## F. REQUEST FOR RELIEF

    I request the following relief:

    1. Injunction on various Federal Agencies, from trying to kill me and inflict

        upon myself Intentional Emotional Distress.

    2. Injunction to stop them from violating, my Rights in pursuit of Justice.

    3. Money damages and any other relief the Court finds proper and just.

## G. REQUEST FOR APPOINTMENT OF ATTORNEY

I do request that an attorney be appointed to represent me in this matter. I
believe that I am in need of an attorney for these particular reasons which
make it difficult for me to pursuit this matter without an attorney,

1. I have been unsuccessful of finding an attorney on my own.

2. The complexity and seriousness of the issues involved.

3. I am unable to pursuit by business or find employment without
   transportation, and the dissemination of false and defamatory statements
   and rumors in the area.

4. The unlawful and violent ways defendants used to make me homeless, and
   assassination attempts.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in
the above action, and he has read the above complaint and that the information cotain in the
complaint is true and correct. 28 USC § 1746;  18 USC § 1621.

Executed at _Staeples_ on _07/01/2010_

Signature